### HORMANN, SCHUTTE & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. January 4, 1906.)

No 4,086.

CUSTOMS DUTIES—CLASSIFICATION—PARTS OF BUTTONS—FAILURE TO PROVIDE DUTY ON ARTICLE ENUMERATED.

In construing Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 414, 30 Stat. 190 [U. S. Comp. St. 1901, p. 1674], which enumerates "buttons or parts of buttons" as being subject to "the following rates," and provides for "buttons" certain rates of duty and "in addition thereto, on all the foregoing articles in this paragraph," a further rate of duty. *Held,* that parts of buttons are not subject to the rates provided for "buttons"; that they are not liable to the additional rate on "all the foregoing articles": and that, no definite rate being attached to them, they are dutiable as manufactures of the component material of chief value.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 6,142, T. D. 26,687, which affirmed the assessment of duty by the collector of customs at the port of New York.

The case involves the construction of Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 414, 30 Stat. 190 [U. S. Comp. St. 1901, p. 1674], with reference to parts of buttons. Said paragraph reads as follows:

"414. Buttons or parts of buttons and button molds or blanks, finished or unfinished, shall pay duty at the following rates, the line button measure being one-fortieth of one inch, namely: Buttons known commercially as agate buttons, metal trousers buttons (except steel), and nickel bar buttons, one-twelfth of one cent per line per gross; buttons of bone, and steel trousers buttons, one-fourth of one cent per line per gross; buttons of pearl or shell, one and one-half cents per line per gross; buttons of horn, vegetable ivory, glass, or metal, not specially provided for in this act, three-fourths of one cent per line per gross, and in addition thereto, on all the foregoing articles in this paragraph, fifteen per centum ad valorem; shoe buttons made of paper, board, papier mache, pulp or other similar material, not specially provided for in this act, valued at not exceeding three cents per gross, one cent per gross; buttons not specially provided for in this Act, and all collar or cuff buttons and studs, fifty per centum ad valorem."

It having been held in the case of In re Blumenthal (C. C.) 51 Fed. 76, affirmed in 4 C. C. A. 680, that the corresponding provision in Tariff Act Oct. 1, 1890, c. 1244, § 1, Schedule N, par. 429, 26 Stat. 599, for "buttons" did not include parts of buttons, the Board was of the opinion that Congress added the expression "parts of buttons" to the paragraph now under consideration to prevent such a construction of the present act, and held accordingly that metal parts of buttons were subject to the rate provided for metal buttons.

Everit Brown, for importers.

D. Frank Lloyd, Asst. U. S. Atty.

PLATT, District Judge. The merchandise in this case consists of small metal articles designed for making cloth-covered buttons, such as are used on cutaway or frock coats. Two of the pieces, one fitting into the other, after having been covered with cloth, will make one button. They are parts of buttons. The collector assessed them for duty under Act July 24, 1897, c. 11, § 1, Schedule N, par. 414, 30 Stat. 190 [U. S. Comp. St. 1901, p. 1674] at three-fourths of one cent per line per gross, under that portion of the paragraph which refers to "buttons of horn, vegetable, ivory, glass or metal," and added 15 per cent. ad valorem under the language immediately following, "and in addition thereto on all the foregoing articles in this paragraph, 15 per cent. ad valorem." The importer invokes the 15 per cent. ad valorem provision, deeming the words "in addition thereto" immaterial, because parts of buttons have had no definite rate attached to them theretofore but have been mentioned; or the 50 per cent. ad valorem provision at the very end, on "buttons not specially provided for," or paragraph 193, Schedule C, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645], which provides for manufactures of metal at 45 per cent. The Board of General Appraisers affirmed the collector's action.

If the merchandise should be assessed under paragraph 414, the collector found the only place where it can properly go. The answers to the importers' contentions in that regard are so plain that it would be wasteful to spend time in discussing them. It must stay where it is or go to paragraph 193.

I have given paragraph 414 unusual attention and am persuaded that if Congress intended in framing it to avoid the construction put upon the button paragraph in the act of 1890, by the Blumenthal decision (C. C.) 51 Fed. 76, it has fallen far short of carrying out that intention. It would be judicial legislation of a flagrant character to sustain the collector and the Board in this case. The merchandise should be assessed under paragraph 193; and when that has been done the importer still pays pretty fair toll to the government for the privilege of bringing in these little pieces of metal.

Decision of Board of General Appraisers reversed.